UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOHN J. TORPEY, JOHN ENRIGHT,
CHRISTOPHER SHEERAN, PATRICK DOLAN, JR.,
PATRICK NORTON, VINCENT J. CURRAN, JR.,
ROBERT EGAN, JR., WILLIAM WANGERMAN,
RAYMOND DEAN, JR., JOHN O'CONNELL,
JAMES ELDER, RAYMOND HOPKINS, EDWARD
ENGLISH, ROCCO ABBATE, ARTHUR KLANSKY
JOHN DIERKS, JEFF PORRELLO, RICHARD
THOMPSON, TERENCE FARRELL, DONALD
BURNS, JOHN KRITS and WILLIAM
McMORROW, SR., as TRUSTEES OF THE
STEAMFITTERS LOCAL 638 PENSION FUND,
SUPPLEMENTAL RETIREMENT FUND,
SECURITY BENEFIT FUND, VACATION FUND
AND EDUCATIONAL FUND and ENTERPRISE
ASSOCIATION OF PIPE FITTERS AND
APPRENTICES OF GREATER NEW YORK,
NASSAU AND SUFFOLK COUNTIES AND
VICINITY LOCAL UNION 638 OF THE UNITED
ASSOCIATION OF JOURNEYMEN AND
APPRENTICES OF THE PLUMBING AND PIPE
FITTING INDUSTRY OF THE UNITED STATES
AND CANADA, AFL-CIO,

           Plaintiffs,

- against -

FALCONITE PIPING CORP., and
FALCONITE MECH. CORP.,

           Defendant(s).

------------------------------------------------------------X

Civil Action No.:

08 CV 3910

COMPLAINT

Plaintiffs, by their attorneys, COLLERAN, O'HARA & MILLS L.L.P. complaining of Defendant, respectfully allege:

JURISDICTION AND VENUE

1.    Jurisdiction is conferred upon this Court by the Employee Retirement Income Security Act of 1974, as amended, (hereinafter "ERISA") Sections 502 and 515, 29 U.S.C. Sections 1132 and 1145; and the Labor Management Relations Act (hereinafter "LMRA") as amended, Section 301, 29 U.S.C. Section 185.

1

2. Venue within this district is proper pursuant to LMRA Section 301, 29 U.S.C Section 185; ERISA Section 502(e)(2), 29 U.S.C. Section 1132(e)(2); and 28 U.S.C. Section 1391(b).

## NATURE OF ACTION

3. This action is brought by fiduciaries of welfare and pension benefit plans established pursuant to and in accordance with the requirements of the LMRA Section 302, as amended, 29 U.S.C. Section 186 ("Taft Hartley" plans) to enforce the relevant provisions of the enabling trust indentures, applicable collective bargaining agreements and statutory obligations imposed on defendant by ERISA Section 515, 29 U.S.C. Section 1145 and LMRA Section 301(a), 29 U.S.C Section 185(a).

4. Plaintiffs, JOHN J. TORPEY, JOHN ENRIGHT, CHRISTOPHER SHEERAN, PATRICK DOLAN, JR., PATRICK NORTON, VINCENT J. CURRAN, JR., ROBERT EGAN, JR., WILLIAM WANGERMAN, RAYMOND DEAN, JR., JOHN O'CONNELL, JAMES ELDER, RAYMOND HOPKINS, EDWARD ENGLISH, ROCCO ABBATE, ARTHUR KLANSKY, JOHN DIERKS, JEFF PORRELLO, RICHARD THOMPSON, TERENCE FARRELL, DONALD BURNS, JOHN KRITIS and WILLIAM MCMORROW, SR., AS TRUSTEES OF THE STEAMFITTERS LOCAL 638 PENSION FUND, SUPPLEMENTAL RETIREMENT FUND, SECURITY BENEFIT FUND, VACATION FUND AND EDUCATIONAL FUND (hereinafter "TRUSTEES" or "FUNDS") are, at all relevant times, fiduciaries within the meaning of ERISA Section 3(14)(A) and 502 of employee welfare benefit plans and employee pension benefit plans as defined in ERISA Section 3(1) and (2), 29 U.S.C. Sections 1002(1) and (2), established and maintained by employers engaged in commerce and by a labor organization representing employees engaged in commerce and in an industry affecting commerce, and, further, qualify as multi-employer plans within the meaning of ERISA Section 3(37)(A), 29 U.S.C. Section

1002(37)(A), with its principal offices located at 5 Penn Plaza, New York, New York 10001.

5. Plaintiff, ENTERPRISE ASSOCIATION OF PIPE FITTERS AND APPRENTICES OF GREATER NEW YORK, NASSAU AND SUFFOLK COUNTIES AND VICINITY LOCAL UNION 638 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, (hereinafter "LOCAL 638") is and was at all times relevant hereto was, a labor organization as that term is defend in the National Labor Relations Act and ERISA with principal offices located at 32-32 48th Avenue, Long Island City, New York 11101.

6. Defendant, FALCONITE PIPING CORP. and FALCONITE MECH. CORP. (hereinafter "FALCONITE"), upon information and belief, is and was, at all relevant times, a corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 2672 East 11th Street, County of Kings, State of New York 11235 and 275 Route 79, Morganville, NJ 07751. Upon information and belief, FALCONITE PIPING CORP. and FALCONITE MECH. are identical companies. FALCONITE PIPING is signatory to the LOCAL 638 collective bargaining agreement. FALCONITE MECH. is bound to the terms and conditions as well. The companies are referred to collectively as FALCONITE in this Complaint.

7. FALCONITE is and was, at all relevant times, engaged in an industry affecting commerce and is an "employer" within the meaning of the National Labor Relations Act (hereinafter "NLRA") Sections 2(2) and 301(a), 29 U.S.C. 152(2) and 185(a), and ERISA Sections 3(5) and 515, 29 U.S.C. 1002(5) and 1145.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT, FALCONITE

8. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "7" of this Complaint with the same force and effect as

3

through the same were set forth at length herein.

9. At all relevant times, Defendant, FALCONITE, was in a collective bargaining relationship with LOCAL 638.

10. By reason of the aforementioned, at all relevant times, Defendant, FALCONITE was and remains bound by the terms and conditions of the applicable collective bargaining agreements and trust indentures.

11. The applicable collective bargaining agreements and trust indentures provide, inter alia, for an employer to submit to an audit of its books and records and to pay contributions to the FUNDS on behalf of its employees who perform covered employment under such agreements.

12. Since November 1, 2005 through the present participants in the FUNDS performed covered employment on behalf of Defendant, FALCONITE.

13. Defendant, FALCONITE, has breached the applicable collective bargaining agreements and trust indentures by failing, refusing or neglecting to submit to an audit and by failing, refusing and/or neglecting to make proper contributions to the FUNDS for the period November 1, 2005 through the present in a sum as yet determined, pending the submission to an audit.

14. Such deficiency is allocated to the specific FUNDS as a direct and proximate result of defendant's breach of the aforementioned agreements as follows:

SECURITY BENEFIT FUND:           $ TO BE DETERMINED
WELFARE FUND:                    $ TO BE DETERMINED
PENSION FUND:                    $ TO BE DETERMINED
SUPPLEMENTAL RETIREMENT FUND:    $ TO BE DETERMINED
VACATION FUND:                   $ TO BE DETERMINED
EDUCATION FUND:                  $ TO BE DETERMINED
INDUSTRY PROMOTION FUND:         $ TO BE DETERMINED
                        TOTAL:   $ TO BE DETERMINED

15. More than thirty (30) days have elapsed since LOCAL 638 and the TRUSTEES by counsel informed FALCONITE of its breach of the collective bargaining

4

agreement and relevant Trust Agreements of its obligations to submit to an audit. Pursuant to the collective bargaining agreement, FALCONITE is liable to Plaintiffs in the amount of FIVE HUNDRED ($500.00) DOLLARS per day for this breach.

16. As a direct and proximate result of the defendant's breach of its contractual obligations, the Plaintiffs have been damaged in the sum of EIGHTEEN THOUSAND FIVE HUNDRED DOLLARS ($18,500.00) together with interest at the legal maximum rate. This contractual breach is ongoing and damages amount increase by $500.00 per day.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT, FALCONITE

17. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "16" of the Complaint with the same force and effect as though set forth at length herein.

18. The FUNDS are multi-employer plans as defined in ERISA Section 3(37)(A); 29 U.S.C. Section 1002(37)(A).

19. Pursuant to the terms and conditions of the applicable collective bargaining agreements and trust indentures, defendant, FALCONITE, is an employer obliged to make contributions to the various FUNDS at the rates established by the applicable collective bargaining agreements.

20. Defendant is statutorily required to make contributions to the FUNDS pursuant to ERISA Section 515, 29 U.S.C. Section 1145.

21. Defendant has failed, neglected and/or refused to contribute to the FUNDS despite due demand from plaintiffs in violation of its statutory duty.

22. As a direct and proximate result of defendant's violation of its statutory duty to contribute to the FUNDS, plaintiffs have been damaged in a sum to be determined in unpaid contributions, together with statutory remedies including pre-judgment interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and the costs and

5

disbursements of this action pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g).

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT, FALCONITE

23. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "22" of this Complaint with the same force and effect as though the same were set forth at length herein.

24. The applicable collective bargaining agreements and trust indentures provide, inter alia, for an employer to report wages, hours and contributions to the FUNDS and to submit its books and payroll records for an audit by a representative of the Trustees of the FUNDS.

25. For the period from November 1, 2005 through the present date, participants in the FUNDS performed covered employment on behalf of defendant, FALCONITE.

26. Defendant, FALCONITE, has breached the applicable collective bargaining agreements and trust indentures by failing, refusing or neglecting to submit its books and payroll records for audit for the period November 1, 2005 through the present date to agents of the plaintiffs.

WHEREFORE, plaintiffs demand Judgment against Defendant:

(a) ON THE FIRST CAUSE OF ACTION:

- For a sum to be determined in unpaid contributions to the FUNDS against defendant;

- For $18,500.00, plus additional amounts that accrue daily;

- For other damages consisting of interest at the legal maximum rate since November 1, 2005, liquidated damages, reasonable attorneys' fees and the costs and disbursements of this action; and

- For such other and further relief as to this Court deems just, proper and equitable.

6

(b)   ON THE SECOND CAUSE OF ACTION:

-For a sum to be determined in unpaid contributions to the FUNDS against defendant;

-For Statutory damages against defendant consisting of pre-judgment interest and liquidated damages on the unpaid contributions to the FUNDS, reasonable attorneys' fees, and the costs and disbursements of this action; and

(C)   ON THE THIRD CAUSE OF ACTION:

-Directing defendant to submit its books and payroll records for audit to the FUNDS for the period November 1, 2005 through the present.

-For such other and further relief as to this Court deems just, proper and equitable, including attorneys fees and auditing costs.

Dated: Garden City, New York
April 25, 2008

Yours,

COLLERAN, O'HARA & MILLS
Attorneys for Plaintiffs
DENIS A. ENGEL (DAE/7798)
1225 Franklin Avenue
Suite 450
Garden City, New York 11530
(516) 248-5757

TO:
CLERK
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

FALCONITE PIPING CORP., and
FALCONITE MECH. CORP.
2672 East 11th Street
Brooklyn, New York 11235
and
275 Route 79
Morganville, NJ 07751

7